IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VERNIE KENT, | |
| Plaintiff, | **8:23CV3059** |
| vs. | |
| KADE WARNER, | **ORDER** |
| Defendant. | |

This matter comes before the appointed special master following a telephone conference to discuss a discovery dispute between the parties. Plaintiff, Vernie Kent, seeks to compel Defendant, Kade Warner, to produce a surveillance video Defendant's attorney prepared in conjunction with this litigation. Defendant contends the surveillance video is covered by the work-product doctrine and, at a minimum, should not be produced until after he deposes Plaintiff. Plaintiff argues that if Defendant is permitted to withhold the video until after his deposition, he should be required to include more detail on his privilege log, including exact dates of surveillance and descriptions of the video(s)' contents.

Under Federal Rule of Civil Procedure 26, "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative," the so-called work-product doctrine. Fed. R. Civ. P. 26(b)(3)(A). However, work product may be discovered if the matter is otherwise within the scope of discovery and "the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). The parties agree that the surveillance

1

video of Plaintiff falls within the work-product doctrine because Defendant's attorney prepared the video in anticipation of the present litigation. Plaintiff argues, however, that he has a substantial need for the surveillance footage because video is, by definition, taken in the past cannot be obtained by any other means.

While the Eighth Circuit has not had occasion to address the issue of video surveillance as work product, the majority of courts to rule on the issue have agreed that a plaintiff's inability to obtain the substantial equivalent of video surveillance is adequate to overcome the work-product privilege. *See, e.g.*, *Snead v. Am. Exp.-Isbrandtsen Lines, Inc.*, 59 F.R.D. 148, 150–51 (E.D. Pa. 1973) ("While in theory, the plaintiff may tell his attorney about his physical limitations and demonstrate what he can and cannot do, obviously such descriptions would be of fragmentary help in trying to know what a hidden camera had recorded at some unknown time."); *Gutshall v. New Prime, Inc.*, 196 F.R.D. 43, 46 (W.D. Va. 2000) ("[I]t is impossible to procure the substantial equivalent of such evidence without undue hardship, as videotape fixes information available at a particular time and a particular place under particular circumstances, and therefore cannot be duplicated." (internal quotation marks omitted)); *accord Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 104 (E.D.N.C. 1993); *Young v. Friedel*, No. 4:14-CV-499 CEJ, 2014 WL 3418891, at *2 (E.D. Mo. July 14, 2014). The Court likewise concurs that although the surveillance video falls within the definition of work product, Plaintiff has a substantial need for it to prepare his case and cannot otherwise obtain its equivalent.

However, most courts have also recognized the impeachment value to the defendant of surveillance evidence in a case involving a plaintiff's purported injuries and have balanced these competing interests by requiring the defendant to disclose video

2

surveillance only after having the opportunity to depose the plaintiff.  As another court within the Eighth Circuit succinctly stated it:

> This approach allows a defendant to freely impeach a plaintiff regarding any and all alleged injuries, while also providing plaintiff with an adequate opportunity to review any inconsistencies between his testimony and the video prior to trial. If plaintiff is concerned that the video inaccurately or fraudulently depicts his physical abilities as the result of improper editing or manipulation, plaintiff will have an ample opportunity to investigate the video's authenticity and accuracy. Thus, the Court cannot agree that this approach would prevent this case from being decided fairly on its merits.

*Young*, 2014 WL 3418891, at *3; *accord Blount v. Wake Elec. Membership Corp.*, 162 F.R.D. 102, 104 (E.D.N.C. 1993) ("Defendant must be furnished with the opportunity to depose Plaintiff, so that the prior recording of the sworn testimony will discourage Plaintiff from altering his testimony in light of what the films or tapes reveal."); *Daniels v. Nat'l R.R. Passenger Corp.*, 110 F.R.D. 160, 161 (S.D.N.Y. 1986) ("Before the disclosure, however, defendant must be afforded the opportunity to take the depositions of the plaintiff and any other affected persons, so that the prior recording of their sworn testimony will avoid any temptation to alter that testimony in light of what the films or tapes show."); *Martino v. Baker*, 179 F.R.D. 588, 589 (D. Colo. 1998) (requiring disclosure of surveillance tapes ten days after the plaintiff's deposition); *Liggins v. Mainstream Transportation, Inc.*, No. 2:13-CV-2533-SHM-DKV, 2013 WL 12149652, at *3 (W.D. Tenn. Nov. 13, 2013) (requiring disclosure of surveillance tapes fourteen days after the plaintiff's deposition).  The Court agrees that Defendant should be ordered to produce the surveillance tapes but may first depose Plaintiff.

Plaintiff expresses concern that permitting Defendant to disclose the surveillance tapes after his deposition is not in accordance with the governing case-progression order which sets the deadline for motions to compel before the deposition deadline. *See* Filing

No. 29 (amended final case progression order). Defendant's counsel states his intention is to fully and completely disclose the surveillance footage after the deposition, and the Court is confident he will do so without the need to compel such discovery. However, to the extent that Plaintiff is concerned about the timing, the Court grants him leave to file a motion to compel after Defendant produces the surveillance footage as to the video surveillance evidence only. All other case-progression deadlines remain unaltered.

As to the privilege log, Rule 26 provides that when a party withholds information as privileged, it is required to "describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). Plaintiff argues that listing the ten-month date range of the surveillance footage is insufficient under Rule 26 and wants Defendant to disclose the exact dates of the video(s), the identity of the person who created the video, and a more detailed description of the contents.

Defendant's disclosure on the privilege log, though minimal, is adequate to satisfy Rule 26(b)(5). He has provided information that has permitted Plaintiff to assess the nature of his privilege claim (as evidenced by both parties' arguments in the present dispute). The Court agrees that requiring Defendant to disclose additional details would infringe on the privilege and disrupt the balance between requiring disclosure and maintaining the surveillance footage's impeachment value until after Plaintiff is deposed. Accordingly,

IT IS ORDERED:

1) Defendant shall produce in full the surveillance videos of Plaintiff no later than seven (7) days after Plaintiff's deposition.

2) Plaintiff is given leave to file one motion to compel should the production of the surveillance tapes prove inadequate.  Prior to filing a motion to compel, however, Plaintiff must first confer in good faith with Defendant in an attempt to remedy the issue and must contact the appointed special master or assigned magistrate judge no later than fourteen (14) days after the production of the surveillance video. All other case progression deadlines remain as previously ordered, including the motion to compel deadline with respect to all other discovery.

3) Defendant is not required to update his privilege log.


Dated this 24th day of July, 2024.

SIGNED:


s/ Kate O. Rahel
Appointed Special Master